In The United States District Court
For The Northern District of Texas
Dallas Division

| | |
|---|---|
| LOVE ROCKS BY JAGS, LTD.<br>Plaintiff,<br><br>vs.<br><br>ZALE CORPORATION,<br>THE RICHARDS GROUP AND<br>LOVE DIAMONDS L.L.C<br>Defendants. | CIVIL ACTION NO. 3:09–CV–00278–G |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, Plaintiff, Love Rocks by JAGS, Ltd. and files this its Motion for Leave to File Second Amended Complaint and with respect thereto would show unto the Court the following:

### BACKGROUND

1.  This is a trademark infringement suit alleging that Defendant The Richards Group contributed to infringement of Plaintiff's trademark by creating an advertising campaign for Zale Corporation using "Love Rocks." In addition, The Richards Group's actions constituted dilution, unfair competition, and damage to business reputation. After initial discovery, Plaintiff learned that Stanford Richards, who is either an employee, officer, director, or owner of The Richards Group spearheaded the campaign with full knowledge of Plaintiff's mark. Plaintiff now seeks to add Stanford Richard individually to this suit.

### MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

2.  Plaintiff seeks leave to amend its petition to add causes of action against Stanford

Richards individually. As this Court is aware, leave to amend should be freely given when justice requires it. FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The fifth circuit has also considered amended complaints filed after a court ordered deadline as being analyzed under a good cause standard pursuant to Federal Rule of Civil Procedure 16(b). *See S&W Enters. v. South-Trust Bank*, 315 F.3d 533, 535 (5th Cir. 2003). The factors to consider are (1) the explanation for the failure to timely amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such amendment. All four factors weigh strongly in favor of allowing the amended complaint at issue. First, Plaintiff only recently learned of Stanford Richards' personal involvement in the advertising campaign at issue in this suit through documents produced by The Richards Group in discovery. Mr. Richards' actively pushed the campaign with full knowledge that Plaintiff had trademarked the slogan "Love Rocks by JAGS." Plaintiff had no way of knowing Mr. Richards' involvement until receiving the documents produced by The Richards Group.

3.   Second, this amendment is very important to Plaintiff's case. Mr. Richards is either an owner, officer, or director that personally profited from the revenues generated from the campaign. Plaintiff is entitled to seek all damages to which it is entitled, including profits kept by Mr. Richards. Allowing Mr. Richards to profit from his actions is simply not fair and basically encourages such behavior.

4.   Third, there is virtually no prejudice whatsoever to Stanford Richards should this amendment be allowed. Mr. Richards has known that the suit has been filed and certainly must have been aware of the possibility of himself being joined. Mr. Richards leads The Richards Group and presumably is in control of this very litigation on its behalf. The causes of action alleged are virtually identical against him and The Richards Group. It simply would be

disingenuous for Mr. Richards to claim that there would be any prejudice to him whatsoever to be added to this suit.

5.      Fourth, there is no need for a continuance of this case. The discovery deadline is April 30, 2010. As previously stated, the causes of action are the same, so presumably Mr. Richards will not need to conduct much additional discovery, but in any event, there is plenty of time should he choose to. There should be no basis for Mr. Richards to request a continuance based on the amended complaint requested.

6.      Overall, the good cause standard as applied by the 5th Circuit is clearly met under the facts of this case. In addition, since these standards are met, the liberal requirements of Federal Rule of Civil Procedure 15 are met as well. Plaintiff asks the Court to grant this motion and allow Plaintiff to file its amended complaint attached hereto as Exhibit A.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Love Rocks by JAGS, Ltd., respectfully prays that this Court grant its Motion for Leave to File Second Amended Complaint, sign the proposed Order filed contemporaneously herewith, and for such further relief in law or equity to which it may be justly entitled.

Respectfully submitted,

/s/ Matthew Doll
Levi G. McCathern, II
Texas Bar No. 00787990
lmccathern@mm-llp.com
Matthew B. Doll
Texas Bar No. 24040821
mdoll@mm-llp.com

> McCathern | Mooty, LLP
> 3710 Rawlins St., Suite 1600
> Dallas, Texas 75219
> 214-741-2662 Telephone
> 214-741-4717 Facsimile

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff, personally conducted a conference with counsel for Defendant The Richards Group on November 25, 2009, at which time there was a substantive discussion of every item presented to the Court in Plaintiff's Motion for Leave to File Second Amended Complaint. Defendant is opposed to the motion.

> /s/ Matthew Doll
> Matthew B. Doll

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, this is to certify that a true and correct copy of the foregoing instrument has been forwarded to the following counsel of record via ECF electronic filing and/or facsimile on this the 2nd day of December, 2009:

Dionne C. Rainey
Hunton & Williams, LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799

> /s/ Matthew Doll
> Matthew B. Doll