IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOVE ROCKS BY JAGS, LTD.,<br>    Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 3:09–CV–00278–G |
| THE RICHARDS GROUP AND<br>STANFORD RICHARDS,<br>    Defendants | §<br>§<br>§<br>§ | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Love Rocks by JAGS, Ltd. ("Plaintiff" or "Love Rocks") files its Second Amended Complaint to recover damages against The Richards Group ("Richards") and Stanford Richards (collectively referred to as "Defendants") for causing irreparable harm and damages by infringing on its trademark no. 3,565,444 "Love Rocks by Jags."

## I.
### INTRODUCTION

Love Rocks by JAGS, Ltd. is the owner of the trademark "Love Rocks by JAGS." Zale Corporation ("Zale") was infringing on this trademark by an advertising campaign using "love rocks" developed by The Richards Group. Zale claimed to have a license to use "love rocks" from Love Diamonds, L.L.C. ("Love Diamonds"). Love Diamonds had applied for a trademark for "Love Rocks NY," but it was filed after the Love Rocks by JAGS mark and had not been approved by the United States Patent and Trademark Office. Zale, The Richards Group, and Stanford Richards knew of Love Rocks by JAGS, Ltd.'s use of the mark and Federal registration of the mark. Despite this, Zale Corporation, The Richards Group, and Love Diamonds, L.L.C. continued to infringe on the mark in commercial and print advertisement. Plaintiff filed suit on February 11, 2009, alleging various causes of action related to the infringement. Plaintiff later

settled with Zale on February 27, 2009, and non-suited them on March 11, 2009.  Plaintiff also

non-suited Love Diamonds without prejudice on May 29, 2009. After reviewing documents and

correspondences that were produced by The Richards Group, Plaintiff also asserts that Stanford

Richards personally took part in the infringing activity that is the basis of this lawsuit. Plaintiff

now files this Second Amended Complaint to include causes of action against Stanford Richards,

personally.

## II.
### PARTIES

2.01    Plaintiff Love Rocks by JAGS, Ltd. is a Texas Limited Partnership.

2.02    Defendant The Richards Group is a Texas corporation and may be served with

process by serving its registered agent Stanford Richards, 8750 N. Central Expressway, Suite

1200, Dallas, Texas 75231-6437.   No service of process is necessary because The Richards

Group has been served and made an appearance in this case.

2.03    Defendant Stanford Richards is an individual and may be served with process at

his place of business located at, 8750 N. Central Expressway, Suite 1200, Dallas, Texas 75231-

6437 or wherever else he may be found.

## III.
### JURISDICTION AND VENUE

3.01    This is a civil action for federal trademark infringement, federal unfair

competition, and dilution under Title 15 of the United States Code §1125, and dilution under the

laws of Texas, and trademark and unfair competition under the common law.

3.02    Jurisdiction over this matter is conferred on the Court by 28 U.S.C. §§1331 and

1338 and 15 U.S.C. §1121.

3.03    This Court has personal jurisdiction over Defendants by virtue of their presence in this judicial district and division because the tortuous activities complained of herein have occurred and are occurring in part in this judicial district.

3.04    Venue is proper in the Northern District of Texas under 28 U.S.C. §1391(c) because Defendant The Richards Group and Defendant Stanford Richards reside within this Court's jurisdiction.

## IV.
### FACTS

4.01    In the summer of 2007, Jacquelin Samuels, the owner of Love Rocks by JAGS, Ltd., developed a jewelry concept called Love Rocks by JAGS.  This was a line of designer jewelry.  This included actual jewelry, images, packaging, and branding elements.  Ms. Samuels informed executives with Zale Corporation of the concept.  Zale decided not to do business with Love Rocks.  On July 27, 2007, Jacquelin Enterprises, Inc. filed a trademark application with the United States Patent and Trademark Office ("USPTO") for the "Love Rocks by JAGS" logo. The application encompassed all uses of the trademark associated with jewelry.  In December 2007, the Love Rocks trademark is used for the first time in commerce.  Specifically, it is used in marketing materials and sales for Costco Wholesale Corporation.  On January 7, 2008, the trademark was assigned from Jacquelin Enterprises, Inc. to Plaintiff Love Rocks.  Costco continued marketing and advertising the Love Rocks line of jewelry throughout the year, including print advertisements reaching over 50 million people.  On June 11, 2008, the USPTO issues a notice of publication for Love Rocks by JAGS.  There was no opposition to the notice. On September 23, 2008, the USPTO issued a Notice of Allowance for Love Rocks by JAGS.

4.02    Zale, with full knowledge of the Love Rocks concept and trademark, began advertising for its products with the moniker "love rocks" in October 2008.  This advertising

campaign was for its jewelry products and squarely targeted the same consumers as were being targeted by Love Rocks by JAGS, Ltd. thru its jewelry line and advertising with Costco. The campaign was developed in conjunction with The Richards Group under the direction of Stanford Richards, and shockingly The Richards Group and Zale were even nominated for an advertising award for the Love Rocks advertising campaign! The Richards Group and Stanford Richards actively contributed to all acts alleged against Zale.

4.03    Upon information and belief and through discovery produced by Defendant The Richards Group, Stanford Richards had actual knowledge of Love Rocks by Jags, Ltd.'s trademark. Stanford Richards is a principal and/or owner and/or officer and/or director and/or employee of The Richards Group. Stanford Richards even expressed a desire to purchase the trademark from Love Rocks By Jags, Ltd. Stanford Richards approved the Love Rocks advertisement created by The Richards Group and personally met with Zale Corporation representatives to propose the Love Rocks campaign. Mr. Richards directed, controlled, ratified, and was the moving force behind the advertising campaign.    Upon information and belief, he personally profited from the revenues created by the Love Rocks advertising campaign created and promulgated by The Richards Group.

4.04    In November 2008 Costco, upon learning of Zale's use of Love Rocks, dropped the Love Rocks by JAGS line and removed it from its website after 11 months of sales and advertising. In early December 2008, counsel for Love Rocks sent a cease and desist letter to Zale. For the first time, counsel for Zale, on December 8, 2008, informed Love Rocks that it is claiming the use of Love Rocks through a license obtained from an entity out of New York called Love Diamonds LLC that filed a trademark application for "Love Rocks NY" on August 7, 2008. Notably, the USPTO sent an Office Action letter to Love Diamonds on November 11,

2008, objecting to the mark "Love Rocks NY" and listing the Love Rocks by JAGS trademark as one of the reasons for the objection.  Love Diamonds L.L.C. has since claimed that it has prior use and sent a cease and desist letter to Plaintiff.  It is obvious to Plaintiff from the chain of events that Zale only contacted Love Diamonds after it realized it had been caught by Plaintiff. Love Diamonds conveniently now asserts its mark after apparently selling a license to Zale in the State of Texas.  Love Diamonds' purported first use of its mark is questionable at best.  Despite this, it claims to have licensed a national trademark to Zale.  Additionally, it also now infringes on Plaintiff's mark by marketing and selling jewelry under the mark "Love Rocks NY."

4.05    In December 2008, there were several discussions between Love Rocks by JAGS, Ltd. and Zale Corporation over the use of the mark Love Rocks.  On January 20, 2009, the USPTO issued the final registration for "Love Rocks by JAGS" to Plaintiff Love Rocks by JAGS, Ltd.  A copy of registration number 3,565,444 is attached as **Exhibit A**.  Despite this, Zale continued its infringement with commercial and print advertisements.  These discussions did not resolve the situation; however, Zale appeared to cease using the mark after the beginning of 2009.  Unfortunately, in early February 2009, Love Rocks by JAGS, Ltd. learned that Zale was again using the Love Rocks mark for its Valentines Day advertising for its jewelry.  Counsel for Love Rocks by JAGS, Ltd. actually heard a Zale commercial on the radio on the morning of February 9, 2009, that stated "love rocks" at the end.  *See* **Exhibit B**, Affidavit of Matthew B. Doll.  This latest action made it clear to Love Rocks by JAGS, Ltd. that it had no other choice but to file its Complaint and application for temporary restraining order to prevent the continuing irreparable harm being caused by Zale and The Richards Group unauthorized use of Love Rocks. *See* **Exhibit C**, Affidavit of Jacquelin Samuels confirming facts contained herein.[1]

---

[1] As previously stated, Plaintiff settled with Zale and no longer seeks a temporary restraining order.

4.06    Plaintiff and Defendant Zale Corporation reached a settlement agreement and filed a joint motion for dismissal with prejudice on March 10, 2009. Plaintiff filed a notice of voluntary dismissal without prejudice regarding its claims against Defendants Love Diamonds L.L.C on May 29, 2009.

## V.
### COUNT 1: FEDERAL TRADEMARK INFRINGEMENT AND CONTRIBUTORY INFRINGEMENT

5.01    All preceding paragraphs of this Complaint are incorporated herein by reference.

5.02    This claim for relief arises under Section 32(1) of the Lanham Act, 15 U.S.C. §1121 and 28 U.S.C. §1141(1).

5.03    Zale, The Richards Group, and Stanford Richards' unauthorized use of the "Love Rocks" mark in connection with the sale and promotion of Zale Corporation's goods and services, Love Diamonds' goods and services, and Love Diamonds' improper license is likely to cause confusion, mistake, or deception of the public as to the source, origin, association, sponsorship, or endorsement of Zale and/or Love Diamonds and its goods and services.  Their use of the mark, in conjunction with Defendants The Richards Group and Stanford Richards, simply ignores Plaintiff's prior use and registration of the mark with the clear intent to reach the same market: persons seeking to purchase jewelry.  In addition, Stanford Richards directed, controlled, ratified, and was the moving force behind the infringing advertising campaign. These acts constitute infringement of Plaintiff's federally registered trademarks under Section 32 of the Lanham Act, 15 U.S.C. §1114.  The Richards Group and Stanford Richards actively and knowingly contributed to this infringement.

5.04    Additionally, upon information and belief, the acts of Zale, The Richards Group, and Stanford Richards have been done willfully and with full knowledge of Plaintiff's rights in its Love Rocks by JAGS mark and constructive notice of its Love Rocks by JAGS Federal

Registration.   These acts were done willfully and intentionally, notwithstanding Zale, The Richards Group, and Stanford Richard's actual and constructive knowledge of Plaintiff's rights in the Love Rocks by JAGS trademark.   The foregoing acts of Zale, The Richards Group, and Stanford Richard caused Plaintiff serious and irreparable harm.

## VI.
### COUNT 2: FEDERAL UNFAIR COMPETITION AND CONTRIBUTORY UNFAIR COMPETITION

6.01   All preceding paragraphs of this Complaint are incorporated herein by reference.

6.02   This claim for relief arises under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

6.03   Zale, The Richards Group, and Stanford Richards' unauthorized use of the "Love Rocks" mark in connection with the sale and promotion of their goods and services is likely to cause confusion, mistake, or deception of the public as to the source, origin, association, sponsorship, or endorsement of its goods and services within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

6.04   The foregoing acts of Zale, The Richards Group, and Stanford Richards create the clear and false impression that Plaintiff and Zale Corporation are related, and/or that Plaintiff is associated with Zale Corporation and/or that Plaintiff has approved or endorsed Zale, its goods and services, and the quality thereof.   This misrepresentation is likely to cause confusion, mistake, or deception as to the relationship, affiliation, connection, or association of Plaintiff and Zale in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).   The Richards Group and Stanford Richards actively and knowingly contributed to this misrepresentation.   In addition, Stanford Richards directed, controlled, ratified, and was the moving force behind the advertising campaign causing the unfair competition.

6.05    Additionally, upon information and belief, the acts of The Richards Group and Stanford Richards have been done willfully and with full knowledge of Plaintiff's rights in its Love Rocks by JAGS mark with the intent to deceive and to trade on the goodwill associated with Plaintiff's Love Rocks by JAGS mark. The foregoing acts of Defendants caused Plaintiff serious and irreparable harm and damages.

## VII.
### COUNT 3: FEDERAL TRADEMARK DILUTION AND CONTRIBUTORY DILUTION

7.01    All preceding paragraphs of this Complaint are incorporated herein by reference.

7.02    This claim arises under the Dilution laws of the United States, Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

7.03    Plaintiff's mark is famous within the meaning of the Federal Dilution Act, 15 U.S.C. §1125(c).  Plaintiff's mark became famous prior to any use or adoption by Zale and/or The Richards Group and/or Stanford Richards of any mark comprising or including Love Rocks by JAGS.  The foregoing acts of Zale and/or The Richards Group and/or Stanford Richards are likely and do dilute the distinctive quality of Plaintiff's mark in violation of the Federal Dilution Act, 15 U.S.C. §1125(c).  In addition, Stanford Richards directed, controlled, ratified, and was the moving force behind the advertising campaign that caused the dilution. The foregoing acts of Zale and/or The Richards Group and/or Stanford Richards caused Plaintiff serious and irreparable harm and damages.

## VIII.
### COUNT 4: COMMON LAW TRADEMARK INFRINGEMENT
### AND CONTRIBUTORY TRADEMARK INFRINGEMENT

8.01    All preceding paragraphs of this Complaint are incorporated herein by reference.

8.02    This claim for trademark infringement arises under the common law of Texas. Plaintiff adopted its Love Rocks by JAGS mark and sold and offered products and services in

Texas bearing said marks long prior to Zale, The Richards Group, and Stanford Richards' adoption and use of "love rocks" for Zale and The Richards Group's products and services. Notwithstanding Plaintiff's prior adoption, use, and Federal trademark registration, Zale, The Richards Group, and Stanford Richards have adopted and began the use of "love rocks" in the State of Texas and have confused the public into believing that there is a connection between, approval of, or sponsorship of Zale's products and services and Plaintiff's products and services, and as such is likely to cause confusion among the relevant purchasing public in Texas. Additionally, Love Diamonds improperly purported to license "love rocks" to Zale with The Richards Group and Stanford Richards' assistance and cooperation despite having no rights to the mark in the State of Texas. The foregoing acts of The Richards Group and Stanford Richards are likely to cause confusion, mistake, or deception as to the source or origin of Zale's goods, services, and activities. The foregoing acts of Zale, The Richards Group, and Stanford Richards create the clear and false impression that Plaintiff and Zale, are related, and/or that Plaintiff is associated with Zale and/or that Plaintiff has approved or endorsed Zale's, its goods and services, and the quality thereof. This misrepresentation is likely to cause confusion, mistake, or deception as to the relationship, affiliation, connection, or association of Plaintiff and Zale, The Richards Group, and Stanford Richards. The Richards Group and Stanford Richards actively and knowingly contributed to this infringement. In addition, Stanford Richards directed, controlled, ratified, and was the moving force behind the infringing advertising campaign.

8.03   On information and belief, the acts herein alleged have been committed with the intent and purpose of creating a likelihood of confusion and appropriating and trading upon Plaintiff's considerable goodwill and reputation. The foregoing acts of Zale, The Richards Group, and Stanford Richards caused Plaintiff serious and irreparable harm and damages.

## IX.
## COUNT 5: COMMON LAW UNFAIR COMPETITION
## AND CONTRIBUTORY UNFAIR COMPETITION

9.01    All preceding paragraphs of this Complaint are incorporated herein by reference.

9.02    This claim for unfair competition arises under the common law of Texas. Plaintiff adopted its Love Rocks by JAGS mark and sold and offered products and services in Texas bearing said marks long prior to Zale's adoption and use of "love rocks", in conjunction with The Richards Group and Stanford Richards, for Zale's products and services and before Love Diamonds purported to license "love rocks" to Zale despite having no rights to the mark. Notwithstanding Plaintiff's prior adoption, use, and Federal trademark registration, Zale adopted and began the use of "love rocks" in the State of Texas with The Richards Groups and Stanford Richards' assistance and Love Diamonds attempted to license same to Zale despite having no rights to the mark and have confused the public into believing that there is a connection between, approval of, or sponsorship of Zale's products and services and Plaintiff's products and services, and as such is likely to cause confusion among the relevant purchasing public in Texas. The foregoing acts of Zale, The Richards Group, and Stanford Richards are likely to cause confusion, mistake, or deception as to the source or origin of Zale's goods, services, and activities. The foregoing acts of Zale, The Richards Group, and Stanford Richards create the clear and false impression that Plaintiff and Zale Corporation are related, and/or that Plaintiff is associated with Zale Corporation, and/or that Plaintiff has approved or endorsed Zale, its goods and services, and the quality thereof. This misrepresentation is likely to cause confusion, mistake, or deception as to the relationship, affiliation, connection, or association of Plaintiff and Zale. The Richards Group actively and knowingly contributed to all of these acts. In addition, Stanford Richards

directed, controlled, ratified, and was the moving force behind the advertising campaign causing the unfair competition.

9.03    On information and belief, the acts herein alleged have been committed with the intent and purpose of creating a likelihood of confusion and appropriating and trading upon Plaintiff's considerable goodwill and reputation. The foregoing acts of Zale, The Richards Group and Stanford Richards caused Plaintiff serious and irreparable harm and damages.

## X.
### COUNT 6: INJURY TO BUSINESS REPUTATION, TRADEMARK, AND DILUTION UNDER TEXAS LAW AND CONTRIBUTORY INJURY TO BUSINESS REPUTATION, TRADEMARK AND DILUTION UNDER TEXAS LAW

10.01    All preceding paragraphs of this Complaint are incorporated herein by reference.

10.02    This claim for injury to business reputation, trademark, and dilution arises under Texas Business and Commerce Code §16.29.   The foregoing acts of Zale, The Richards Group, and Stanford Richards are likely and do dilute the distinctive quality of Plaintiff's mark and injure Plaintiff's business reputation and the mark in violation of Texas Business and Commerce Code §16.29. On information and belief, the acts herein alleged have been committed with the intent and purpose of creating a likelihood of confusion and appropriating and trading upon Plaintiff's considerable goodwill and reputation. The foregoing acts of Zale, The Richards Group, and Stanford Richards caused Plaintiff serious and irreparable harm and damages.

## XI.
### JURY DEMAND

Plaintiff previously demanded a jury trial and has tendered the appropriate fee.

## XII.
### CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## XIII.
### PRAYER

Wherefore, Plaintiff prays for judgment:

a. That The Richards Group and Stanford Richards be ordered to account for all their revenues and sales in connection with the use of "love rocks."

b. That Plaintiff be awarded its actual damages, trebled in view of the intentional and willful nature of The Richards Group and Stanford Richards' infringement, pursuant to 15 U.S.C. §117.

c. That Plaintiff be awarded all damages to which it is entitled pursuant to its causes of action.

d. That Plaintiff be awarded its attorneys' fees and taxable costs in view of the intentional and willful nature of The Richards Group and Stanford Richards' contributory and actual infringement under 15 U.S.C §1117.

e. That Plaintiff be awarded all other and further relief as the Court may deem just and proper.

Respectfully submitted,


_____/s/ Matthew Doll_____

Levi G. McCathern, II
Texas Bar No. 00787990
lmccathern@mm-llp.com
Matthew B. Doll
Texas Bar No. 24040821
mdoll@mm-llp.com
MCCATHERN | MOOTY, LLP
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
214-741-2662 Telephone
214-741-4717 Facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served in accordance with the applicable Federal Rules of Civil Procedure on this ___ day of January, 2010, via the Court's CM/ECF Filing System on to all counsel of record.

_____/s/ Matthew Doll_____
Matthew B. Doll

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28, and 50

Reg. No. 3,565,444

**United States Patent and Trademark Office**    Registered Jan. 20, 2009

**TRADEMARK**
**PRINCIPAL REGISTER**



LOVE ROCKS BY JAGS, LTD (TEXAS LIMITED
   PARTNERSHIP)
4560 BELTLINE ROAD, SUITE 204
ADDISON, TX 75001

   FOR: PRECIOUS STONES, IN CLASS 14 (U.S. CLS.
2, 27, 28 AND 50).

FIRST USE 12-1-2007; IN COMMERCE 12-1-2007.

SN 77-240,804, FILED 7-27-2007.

PAUL CROWLEY, EXAMINING ATTORNEY



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOVE ROCKS BY JAGS, LTD. | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ZALE CORPORATION, | § | |
| THE RICHARDS GROUP and | § | |
| LOVE DIAMONDS L.L.C. | § | |
|     Defendants | § | |

## AFFIDAVIT OF MATTHEW B. DOLL

STATE OF TEXAS     §

                      §

COUNTY OF Dallas   §

BEFORE ME, the undersigned authority, on this day personally appeared MATTHEW B.

DOLL, who, being by me duly sworn, deposed as follows:

1.    My name is Matthew B. Doll.  I am over the age of eighteen (18) years, am of

sound mind, and have never been convicted of a felony.  I have personal knowledge of the facts

stated herein and state that such facts are true and correct.

2.    I am an attorney for McCathern Mooty, L.L.P., which is counsel for Plaintiff in

this case.  On the morning of February 9, 2009, I heard a commercial for Defendant Zale

Corporation on radio station 105.3 in Dallas, Texas.  At the end of the commercial the narrator

stated "love rocks."

Further Affiant saith naught.



EXHIBIT
B

---

MATTHEW B. DOLL

Sworn to and subscribed before me this 11th day of February, 2009.

JONI SULLIVAN
MY COMMISSION EXPIRES
August 15, 2010

Notary Public in and for the State of Texas

# AFFIDAVIT

State of Texas

County of Dallas

BEFORE ME, on this day personally appeared Jacquelin G. Samuels, who is personally known to me, and first being duly sworn according to law upon his or her oath deposed and said:

"My name is Jacquelin G. Samuels, I have never been convicted of a felony crime, and I am fully competent to make this Affidavit. I have personal knowledge of the facts stated in this affidavit, and they are all true and correct."

1. In June of 2007 I collaborated with Costco Wholesale Corporation ("Costco") associates and they requested that I develop a diamond program for them, which I proceeded to do. I came up with the name, designed the first Love Rocks by Jags logo with the Dillard Group and soon after hired the Lidgi Design Agency to assist with the Love Rocks by Jags presentation, packaging design and sales presentation. We made the distinctive Love Rocks by Jags packaging in Dallas. Lidgi Design Agency developed a distinctive visual presentation.

2. Later in the Summer of 2007, Charles Fieramosca, a Zale executive and President of Bailey Banks and Biddle, visits my office. My advertising agent, Alan Lidgi, and I show him the Love Rocks by Jags mini-commercial/packaging and branding elements and he advised us that "this concept is too good for Costco and would be better for a company like Zale." Over the course of the next few months other Zale management employees visited my offices, where a large Love Rocks by Jags logo is on the wall, and viewed all

Affidavit- Page 1



EXHIBIT
C

the Love Rocks by Jags diamond program. One Zale executive, Tom Hart even commented later that year (December 2007) that he saw the Love Rocks by Jags program on the Costco website.

3. On July 27, 2007 Jacquelin Enterprises Inc. files a trademark application for the mark Love Rocks by Jags.

4. In June or July of 2007 I designed the Love Rocks by Jags diamond campaign and hired an advertising company, the Dillard Group (formerly, Lidgi Design Agency), to work on the Love Rocks by Jags sales program pitch, brochure, packaging and logo update.

5. On September 28, 2007 the partnership, Love Rocks by Jags Ltd., is incorporated with the state of Texas.

6. On December 1, 2007 Love Rocks by Jags is launched in retail and Costco begins marketing and advertising on its website to consumers nationwide. I gave Costco permission to market and advertise Love Rocks by Jags.

7. On January 7, 2008 Jacquelin Enterprises Inc. assigns its entire interest in Love Rocks by Jags to Love Rocks By Jags Ltd.

8. On February 1, 2008 and May 1, 2008 the Costco Connection, a print advertisement, used our distinctive trademark, packaging, heart embossed with trademark, diamonds with our name and mark, Love Rocks by Jags, in its distribution to over 50 million people. (A copy of the logo, ad, and trademark used is attached).

9. On June 11, 2008 the United States Patent and Trademark Office ("USPTO") issued a Notice of Publication for Love Rocks by Jags and the mark was published for opposition on July 1, 2008. There was no opposition to our trademark filing.

10. In August 2008 it is indicated through the USPTO that a company, Love Diamonds LLC,

filed for a trademark and service mark "Love Rocks NY."

11. On September 23, 2008 the USPTO issued a Notice of Allowance for the trademark Love Rocks by Jags.

12. October 12, 2008 Zale Corporation ("Zale") begins its national television and print advertisement campaign with the key term and name "Love Rocks." This term appeared on the cover of many advertisements and looked almost identical to our trademark except the words "by Jags" were left off.

13. October 12, 2008 Zale Corporation ("Zale") begins its national television and print advertisement campaign with the term "Love Rocks." The Richard Group advertising company, in collaboration with Zale, developed the advertisement sometime prior to this date in Dallas, Texas. The Richard Group is also up for an award for one of its "Love Rocks" commercials that it created for Zale.

14. On October 17, 2208 Love Diamond LLC files again for a service mark application for "Love Rocks NY," App. Ser. No. 77/594937. And files a trademark application for "Love Rocks NY," App. Ser. No. 77/594891.

15. On November 17, 2008 Costco notifies me of Zale's use of "Love Rocks" and drops the Love Rocks by Jags banner from Costco's website after 11 months of it appearing on the website. And many others called to inform me of the Zale campaign promoting my trademark. I also saw the Zale advertisements using Love Rocks.

16. On November 18, 2008 the USPTO sends an Office Action letter to Love Diamonds LLC objecting to their mark of Love Rocks NY and stating Love Rocks by Jags pending application as one of its objections because the marks were too similar and would likely cause confusion in the marketplace.

## Motions

3:09-cv-00278-G Love Rocks by JAGS, Ltd. v. Zale Corporation et al
JURY, SANDERSON

If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements

### U.S. District Court

### Northern District of Texas

### Notice of Electronic Filing

The following transaction was entered by Doll, Matthew on 12/2/2009 at 5:43 PM CST and filed on 12/2/2009

**Case Name:**       Love Rocks by JAGS, Ltd. v. Zale Corporation et al
**Case Number:**     3:09-cv-278
**Filer:**           Love Rocks by JAGS, Ltd.
**Document Number:** 27

**Docket Text:**
**MOTION for Leave to File Second Amended Complaint filed by Love Rocks by JAGS, Ltd. (Attachments: # (1) Exhibit Exhibit A) (Doll, Matthew)**

**3:09-cv-278 Notice has been electronically mailed to:**

Dionne C Rainey     dcrainey@hunton.com, kdouning@hunton.com

Levi G McCathern , II     lmccathern@mm-llp.com, receptionist@mm-llp.com

Matthew B Doll     receptionist@mm-llp.com, mdoll@mm-llp.com

If you have not consented to receive electronic notice, or if you are no longer an active participant in this case and you want electronic noticing to be turned off so that you will stop receiving filing notices, click here, then click on "Ask a Question."
**3:09-cv-278 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=12/2/2009] [FileNumber=4608102-0

] [0ade1dc270cb6ca91f9f451f86c079f844c6819f95af79112d5eb2b62a20f3d2112
d2b6871cac03f089d25b8a487a26174abf0642ed4a6eb5cdd3ace3da1c8d0]]
**Document description:**Exhibit Exhibit A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=12/2/2009] [FileNumber=4608102-1
] [e8220ba4292ed4c8e818883fa8025acebbc1069e600c1571d6f5d23c75bd3b2ce1e
50076f8a8316ef22639c3fb3de39aceefe1bbda9a9d738ed29c56981732a9]]